W. X. HUBER CO. *v.* UNITED STATES

**No. 5561.**—Invoices dated Shanghai, China, August 1, 1935, etc.
Certified August 5, 1935, etc.
Entered at Los Angeles, Calif., September 7, 1935, etc.
Entry Nos. 1958, etc.

(Decided January 21, 1942)

*Philip Stein* for the plaintiff.
*Paul P. Rao*, Assistant Attorney General (*Samuel D. Spector*, special attorney), for the defendant.

DALLINGER, Judge: The appeals to reappraisement listed in schedule A, hereto attached and made a part hereof, have been submitted for decision upon the following stipulation of counsel for the parties hereto:

It is hereby stipulated and agreed by and between counsel for the respective parties hereto, as follows:
That the issue involved in the above mentioned reappraisement appeals is the same in all material respects as the issue involved in the case of *The United States* v. *Alfred Kohlberg, Inc.*, Customs Appeal No. 4245, decided January 4, 1940, C. A. D. 88.

That the market value or price at the time of exportation of the merchandise involved herein, at which such or similar merchandise was freely offered for sale to all purchasers in the principal markets of China, for exportation to the United States, in the usual wholesale quantities and in the ordinary course of trade, including the cost of all containers and coverings of whatever nature, and all other costs, charges and expenses incident to placing the merchandise in condition packed ready for shipment to the United States is the appraised value thereof, less the amount added under duress.

That the proper basis of appraisal of the merchandise herein is the export value.

That there was no higher foreign value for the merchandise herein at the time of exportation.

That the record in *The United States* v. *Alfred Kohlberg, Inc.*, C. A. D. 88, may be incorporated into the record in these cases and that the reappraisement appeals as per schedule annexed may be submitted for decision upon this stipulation and the respective records.

On the agreed facts I find the export value, as that value is defined in section 402 (d) of the Tariff Act of 1930, to be the proper basis for the determination of the value of the merchandise here involved, and that such values are the appraised values, less the amounts added under duress. Judgment will be rendered accordingly.